By the Court, Co wen, J.
On the case recited in the declaration, the only bond which the justice had authority to exact, is prescribed by l R. S. 650, 2d ed. § 8. And Meighan not choosing to appear at the sessions, and contest his liability, the condition of the bond is by that section limited to that part of the condition here, which provides for an indemnity to tire county, &c. The preceding terms of the condition pur: port to impose a positive and unqualified obligation, to pay any sum of money which might be ordered by the special session or .general sessions mentioned.. This was a material addition, which might prove much more onerous than the condition required by the section. The latter is generally to indemnify, &c. which may be by providing for the child, under some mutual arrangement, or in some other way. The former leaves hut one mode; the payment of the. money to be ordered. At the common law, we might have saved the good, while we rejected the bad part of the bond: or, perhaps it might have been valid for the whole. Of this it is not necessary to inquire; for the 2 R. S. 214, § 60, 2d! ed., absolutely destroys all and every part of any bond, taken by any officer by color of his office, *300 in any other case or manner than such as are provided by law. By § 8, which I before cited, the justice is to take a bond in a certain form, which, in this instance, he materially departed from. It was taken by color of his office. In short, it is within the very words of § 60 above cited, which nullifies it; and there must be judgment for the defendants.
Judgment for defendants.